Reversed and remanded.

JUDGE CRENSHAW, not sitting.

---

SEWALL v. BATES' Administrators.

3s 199<br>s127 397

*When a defendant dies after judgment, to prosecute a writ of error against
his representatives, the proper course is to apply to this Court for a cer-
tiorari to bring up the record, and for a scire facias against his adminis-
trators to make them defendants.*

RUFUS SEWALL, by his counsel, filed his petition in this
Court at this term, setting forth that at the April term,
1828, of Mobile Circuit Court, he had entered a rule
against James P. Bates, then Sheriff of that county, re-
quiring him to shew cause why he should not be held as
special bail for the defendant in a suit therein pending, in
which the petitioner was plaintiff, and one Daniel Stow

JULY 1830.

Sewall
v.
Bates' Administrators.

was defendant; that the motion was heard and the Circuit Court determined that he should take nothing by his motion; that the petitioner was desirous to procure a revision of that decision in this Court, but that Bates died in July, 1828, before a writ of error had been obtained. The petitioner produced a copy of the record, and also a duly certified copy of an order made by the County Court of Mobile county, shewing the death of Bates, and that Joseph Bates, Jr. and Theophilus L. Toulmin, had been duly appointed his administrators.

GORDON, for the petitioner, now moved the Court to grant either a writ of error, or *certiorari*, which ever the Court might deem the most proper under the circumstances, to bring the case into this Court, and for a *scire facias* against Bates and Toulmin, to shew cause why they should not be made defendants to the suit in this Court.

By JUDGE TAYLOR. That a party situated as Sewall is, should have some mode provided by which he can get his cause into the appellate Court for revision, is certain. It was determined at the last term, that this cannot be done by suing out a writ of error from the office of the Clerk of the Circuit Court, in the manner which is prescribed, when the parties to the judgment are living.[a]

*a* 2 Stewart 462.

The statute prescribes the mode of suing out a writ of error, which cannot be used in this case; therefore, to secure to the plaintiff his rights, some other practice must be adopted. It is believed that the course is to order a *certiorari* to the Clerk of the Circuit Court, commanding him to certify and send up to the next term of this Court, a transcript of the record, and also to award a writ of *scire facias* against Joseph Bates, Jr. and Theophilus L. Toulmin, the administrators, requiring them to appear at the next term of this Court, and shew cause if any they can, why they should not be made parties to the suit in this Court.

It certainly would not be proper to permit the transcript which has been exhibited, to sustain the petition, to be filed in this Court, as the record upon which errors are to be assigned, because it has been brought here voluntarily by a party, and not in obedience to any fiat of the Court.

Let writs of *certiorari* and *scire facias* issue in conformity with the foregoing opinion.