ROBERTS VS TAYLOR, et al.

4p 421
127 397

*Practice in the Supreme Court.*

1. It is good cause for the dismissal of a writ of error, that it recites the names of persons, not parties to the suit, as shewn by the transcript.
2. And this, even after appearance, and joinder in error.

There was a motion to dismiss the writ of error, in the cause, on the ground of variance between it, and the transcript. The transcript disclosed the names of certain parties to the suit, and the writ of error recited the names of other persons than were therein embraced.

*Clarke,* for the motion—*Peck,* contra.

COLLIER, J.—The defendant in error moved the Court to dismiss the writ of error in this case, because it is variant from the transcript accompanying it, in this: the writ of error in reciting the names of the parties in whose favor the decree was rendered, (that is complained of,) discloses the names of one or more persons who were not parties to the proceeding in the Circuit Court.

It has been repeatedly determined by this Court, that where a writ of error is sued out by too few or too many plaintiffs, the Court cannot take jurisdiction of the cause, but is bound to repudiate it.— And this seems entirely conformable to the practice of the English Courts, up to the passage of the sta-

tute of 5 Geo. I, ch. 13.—(Vide 9 *Viner's Ab.* 493.)—
In the same book, (504,) it is laid down that a writ
of error lies only against parties or privies to the judg-
ment complained of. By privies, we are to under-
stand those who come in as the personal or real re-
presentatives of a party,

*2vol 1142    In *Dunlap's Practice*,* it is said great certainty was
formerly required in making the writ of error agree
with the record. The writ was the only authority
for the action of the Judges: they were consequently
confined to the record, which the writ authorised to
be examined, without being licensed to amend, so as
to bring about a correspondence between them. This
strictness was relaxed by the statute of 5 Geo. I, al-
ready cited. And in England it has become the
practice to amend the writ of error as a matter of
course; and the name of a party has even been strick-
en out.

However promotive of justice, the enaction of such
a statute might be in this State, we are not permited
to follow decisions made under it, but must be con-
tented to move *super antiquas vias*, until it shall be
the pleasure of the Legislature to invest us with more
extensive powers.

This motion does not come too late, though the de-
fendant's counsel has entered his appearance, accord-
ing to the rule of Court:—it is in time, if made even
after joinder in error. And the writ being the war-
rant of this Court, to revise the decree of the Circuit
Court, if it be defective, the Court, *mero motu*, must
discard the cause.

We are constrained to dismiss the writ of error.