BETTIS' ADM'R, &C. *vs* TAYLOR.

6p 333
127 397

1. Where a party dies, after judgment below, process may issue from the Supreme Court, to bring up the case.

2. Where a party to a judgment below, died after judgment, a writ of error was directed to issue in the name of the administrator of the deceased, to bring up a transcript of the record, and a *scire facias* advising defendant of the issuance of the writ of error, was ordered, requiring him to shew cause why the administrator plaintiff should not be allowed to prosecute it. The writ of error to contain a clause directing execution of the judgment to be suspended, upon the plaintiff's giving bond and security, in a like penalty, and with like condition, as required where the writ of error issues from that court.

Error to the circuit court of Mobile county.

At the present term of the Supreme court, the death of the plaintiff below was suggested, by his administrator the plaintiff in error, and the court moved for process to bring the case into this court for the revision of the judgment below. Upon which motion, the court delivered the following opinion.

*J. B. Clarke*, for the motion.
*Campbell*, contra.

COLLIER, C. J.—The plaintiff presented to the court the transcript of a record from the Circuit court of Mobile, which shewed that the defendant recovered a judgment against Wm. H. Howell, and caused an execution to be issued and levied on some negro slaves; to which the plaintiff's intestate, as the administrator of Caleb Howell, deceased, interposed a claim under the statute. Upon trial, the slaves were condemned to the

2

satisfaction of defendant's execution, and a judgment rendered against the plaintiff's intestate, in his individual capacity. The plaintiff's intestate died since the rendition of the judgment against him, and the court was moved for process to bring the case into this court, for the revision of that judgment.

The case of *Seawall vs. Bates' Adm'r.*[*] is an authority to shew, that where a party dies after judgment, process may issue from this court to bring the case up. In that case, a *certiorari* was awarded.

We think a *writ of error* the more appropriate remedy; anddo therefore direct, that a writ of error issue in the name of the plaintiff, as administrator, to bring up a transcript of the record; that a *scire facias* issue advising the defendant of the issuance of the writ of error, and requiring him to shew cause why he should not be allowed to prosecute it: and that the writ of error contain a clause, directing execution of the judgment to be suspended, upon the plaintiff entering into bond with sufficient security, in a like penalty, and with like condition, as is required where the writ of error issues from that court.

---

*2 Stew. Rep. 462; 3 ib. 199.