PERINE et. al. vs. BABCOCK.

6p 391
127 397

1. Where one of the parties to a judgment in the court below,
   dies before the issuance of a writ of error, it is competent for
   his survivors, to suggest the death in their writ of error,
   *when the suggestion of the death requires no new parties to
   be made*, without application to the Supreme court; and if
   the death is improperly suggested in the writ, it can always
   be under the control of the court, on a motion, supported by
   affidavit, so as to prevent any injury to the parties interested.

Error to the Circuit court of Dallas county.

In this case, Thomas Morong, one of the plaintiffs be-
low, having departed this life, since the determination of
the suit below, his survivors sued out the present writ
of error, stating therein, the death of said Thomas Mo-
rong :

A motion was now made, by defendant, to dismiss
the said writ.

*Clarke*, for the plaintiffs in error.

Whereupon the court delivered the following opinion,
on said motion.

PER CURIAM.—The plaintiffs in error, and one

Thomas Morong, were the plaintiffs in execution, in the court below, and Morong having departed this life, after the determination of the suit, his survivors sued out the present writ of error, stating therein the death of Morong.

A motion is now made, on behalf of the defendant in error, to dismiss the writ; and the case of *Sewall vs. Bates*,* is relied on, in support of the motion.

In cases which are not within the terms of the statute, providing the mode of .sueing out writs of error,† we conceive it to be our duty, so to mould the process, as to produce the least inconvenience to parties; and unless some prejudice will result to parties, from such a course, it is always preferable that the writ should issue from the court below, as delay must intervene in making the application to this court, for the writ of error.

In the present case, it is not seen how any inconvenience can arise, from permitting co-plaintiffs to suggest the death of one who was joined with them in interest, in the cause, and *when the suggestion of the death requires no new parties to be made.* In such a case it is the most convenient practice, to permit the case to issue without application to this court; and if the death is improperly suggested in the writ, it can always be under the control of the court, on a motion, supported by affidavit, so as to prevent any injury to the parties

If the writ issued in this case, was now dismissed, another would be awarded from this court, on the same facts having been suggested: but this course we conceive to be unnecessary. The motion is denied.

---

*3 Stewart 199.                    †Dig. 256, sec. 13.