# Alexander *v.* Rea.

*Motion to dismiss Appeal.*

1. *Amendment of appeal, citation, &c.* — Where the names of the parties to the judgment or decree appealed from are incorrectly stated in the certificate of appeal, citation, and acknowledgment of security for costs, the mistake may be amended in the appellate court (Rev. Code, §§ 4420–21), and does not furnish sufficient ground for a dismissal of the appeal on motion.

[Alexander *v.* Rea.]

2. *Parties to appeal.* — Where an appeal is taken in the names of two joint defendants in a judgment or decree, one of whom is dead, and a motion is made to dismiss the appeal on that ground, the surviving defendant will be allowed to strike out the name of the deceased, and to assign errors and proceed in his own name alone.

MOTION to dismiss appeal, on facts stated in the opinion of the court.

GEO. W. GUNN, for the motion.

N. S. GRAHAM, *contra.*

PETERS, C. J. — The appellee makes a motion in this court to dismiss this appeal, on two grounds : 1. That one of the appellants, said William Williams, died between the rendition of the decree in the court below and the taking of this appeal. 2. That the appeal, notice of appeal, and security for costs, are in a case of *B. F. Rea* v. *Lewis Alexander & William Williams*, while the case in which the decree was rendered in the court below was *B. F. Rea, guardian, &c.* v. *L. Alexander et al.*

1. It is clear that the second ground for this motion is such, that it may be amended and corrected under sections 4420 and 4421 of the Revised Code. This enactment directs, that if there shall be any error, mistake, or other inaccuracy or imperfection, in taking the appeal, or in the certificate thereof, such appeal shall not be dismissed; but the same may be amended, on motion in the Supreme Court, in such manner as shall be necessary to perfect the appeal." It would be trifling with that sound sense which has ever been the glory of the law, to contend that this language is not broad enough to cover any mistake or error that could occur in taking an appeal. The second objection to the appeal is without merit. After the appellee appears in this court, he should rely on matters of substance, a neglect of which would be to his injury, rather than upon those nice distinctions as to forms, which tend as much to hinder and delay justice as to aid its attainment. The sufficiency of the security for costs is not complained of. It is given by an entry on the transcript. This will be referred to the case made in the bill.

2. Appeals, in our practice, take the place of writs of error at common law. For this reason, they must be governed, to a very great extent, by the same rules and reasons of practice that apply to writs of error. In writs of error, where a party has died after judgment, and before the appeal is taken, and such deceased party is not the sole party to the judgment, the survivor may take the writ of error in his own name, after suggesting the death of the party who has died, and as such

[Swanner v. Swanner.]

survivor he may proceed in the writ of error. 2 Tidd's Pr. pp. 1135, 1136; *Perrine* v. *Babcock*, 6 Porter, 391. The appellant in this case will be permitted to amend and correct his appeal, by striking out the name of William Williams, who is dead, and to assign errors and proceed in the name of Lewis Alexander, as surviving defendant in the court below. Rev. Code, § 4420.

The motion to dismiss is denied, with costs.