# Stough *v.* The State.

### Indictment against Unlicensed Physician.

1. *Practicing medicine without license.*—Under the statute which makes it an indictable offense to practice medicine " without having first obtained a license, or diploma, or certificate of qualification, or not being a regular graduate of a medical college of this State, having had his diploma legally recorded " (Code, § 4078), a conviction can not be had against a physician who has obtained a diploma from a medical college in another State, although he has not had it recorded in the county in which he practices.

FROM the Circuit Court of Crenshaw.

Tried before the Hon. JOHN. P. HUBBARD.

Indictment under section 4078 of the Code, 1886.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—Our statute, Code of 1886, § 4078, makes it an indictable offense to practice medicine, "without first having obtained a license, or diploma, or certificate of qualification, or not being a regular graduate of a medical college of this State, having had his diploma legally recorded." Defendant had first obtained a diploma, and he proved that fact. True, his diploma was from a medical college of another State, and had not been recorded. But the statute

[Prestwood v. The State.]

does not restrict the defensive exception to holding a diploma from a medical college of this State, nor does it specify that such diploma shall be recorded, in cases like this one.

In *Brooks v. The State*, *ante*, p. 122, we interpreted the statute under which the indictment in this case was found. We need not repeat what we then said. We have no wish to qualify any thing therein decided.

On the authority of that case, the judgment of the Circuit Court is reversed, and a judgment here rendered discharging defendant.

Reversed and rendered.