[Kidd, Executrix v. Josiah Morris & Co.]

# Kidd, Executrix *v.* Josiah Morris & Co.

*Bill in Equity to set aside a Mortgage on the ground of Fraud.*

1. *Appeal by executrix from decree rendered against special administrators.*—Where several administrators who are appointed pending the probate of a will, file a bill to set aside, upon the ground of fraud, a mortgage made by a debtor of the decedent and to have the property conveyed therein subjected to the payment of the decedent's debt due from said mortgagee, and a final decree is rendered dismissing such bill, the executrix of the will of the decedent can, within one year after the rendition of said decree, prosecute an appeal therefrom to the Supreme Court, it appearing that the term of office of the special administrator had expired at the time of granting such appeal.

2. *Mortgage; not fraudulent because mortgagor allowed to retain possession of property.*—The provision in a mortgage, allowing the mortgagee to retain possession of the property conveyed therein, is not such a reservation of benefit to him as will render invalid the mortgage as to existing or subsequent creditors, if the debt which the instrument purports to secure was *bona fide* and the mortgagee was not a party to any intent on the part of the mortgagor in executing the mortgage to hinder, delay or defraud his creditors.

3. *Same; reservation of benefit to· mortgagor possession of crop.* A mortgage executed by one who is insolvent, upon a crop growing at the time and the crop to be grown, giving the mortgagor the right to consume the property covered by said mortgage in making another crop, does not reserve such a benefit to the mortgagor as would render the mortgage fraudulent and void as to his other creditors.

4. *Fraudulent conveyance; sufficiency of averments of fraud.*—The averments in a bill seeking to have a mortgage set aside and annulled on the ground of fraud, "that said mortgage was made and received with the intent to hinder, delay and defraud" the creditors of the mortgagor, and "that said mortgage reserves a benefit to the grantor," is not a sufficient averment of fraud in the absence of substantive and traversible allegations of other facts and circumstances showing the fraud complained of.

[Kidd, Executrix v. Josiah Morris & Co.]

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. J. R. DOWDELL.

The bill in this case was filed by J. A. Lancaster, M. N. Due and Louis A. Bates, as special administrators of the estate of Horatio B. Tulane, against Josiah Morris & Company, a firm composed of F. M. Billing, F. M. Billing individually, and McKinney Thomas. It was averred in the bill that said Tulane died in October, 1897, and that the complainants were appointed as special administrators of his estate pending the application for the probate of his will, and were acting as such administrators at the time of the filing of the bill; that at the time of the death of H. B. Tulane, McKinney Thomas was indebted to him in a large sum, amounting to $30,000, and had been so indebted for a number of years, and that said indebtedness was evidenced by notes, two of which were attached to the bill and were dated, respectively, March 6, 1895, and March 11, 1895; that on October 14, 1897, said Thomas was insolvent and is still insolvent; that on October 14, 1897, said Thomas executed to Josiah Morris & Co. a mortgage which purported to be given to secure a debt due from him to said Josiah Morris & Co., amounting to $14,391.07, which was evidenced by three notes bearing date October 9, 1897, and payable, respectively, three, six and nine months after date. The property conveyed in this mortgage and the provisions thereof are sufficiently set forth in the opinion. It was further averred in the bill that "the said mortgage was made and received with the intent to hinder, delay and defraud the creditors of said McKinney Thomas, including your orators; and orators aver that said mortgage reserves a benefit to the grantor and was made and received to enable the said McKinney Thomas to carry on his business of farming upon the plantation mentioned in said mortgage, and the business of a distiller of whiskey conducted on said plantation mentioned in said mortgage unmolested by the creditors of the said McKinney Thomas, other than the said Josiah Morris & Company." The other averments of the bill are sufficiently shown in the opinion.

[Kidd, Executrix v. Josiah Morris & Co.]

The prayer of the bill was that a reference be had before the register and that he be required to report the amount of the debt due the complainants, and that a decree be rendered declaring the mortgage given to Josiah Morris & Co. to be fraudulent and void as to complainants, and that Josiah Morris & Co., F. M. Billing and McKinney Thomas be held liable for all the property conveyed in said mortgage, and that such property be condemned to the payment of the debt due from McKinney Thomas to the estate of H. B. Tulane. The mortgage was made an exhibit to the bill.

To this bill the defendants, Josiah Morris & Co. and F. M. Billing demurred upon the following grounds: 1. Said bill is without equity. 2. Said bill avers as a conclusion of the pleader that the mortgage sought to be cancelled was made with the intent to hinder, delay and defraud the creditors, but avers no facts showing such fraud. 3. That the only power of disposition reserved in the mortgage to the mortgagor is to sell whiskey in the warehouse and account to the mortgagee for the proceeds thereof. 4. It is not denied in the bill that the mortgage sought to be set up was given to secure a *bona fide* debt amounting to the sum recited therein, and no facts are alleged which show fraud in law. The defendants also moved the court to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrer and the motion, the chancellor rendered the following decree: "It is ordered and decreed that said demurrers be and they are hereby sustained, and said bill is hereby dismissed out of this court for want of equity," etc. This decree was rendered on September 9, 1898. On July 31, 1899, the appellant in this case, Louisa V. Kidd, as executrix of the will of H. B. Tulane, deceased, filed an application to the register to be allowed to take an appeal in said cause, and this application was granted, on the date of the filing thereof, and the appeal was taken and an appeal bond given by said Louisa V. Kidd, which was approved by the register. The order allowing said appeal recites that at the time of the granting of said appeal, the office of special adminis-

trators had expired. In this court the appellees move to
dismiss the appeal upon the ground that Louisa V.
Kidd, as executrix, was not entitled to prosecute an ap-
peal from a decree rendered in a suit between the sev-
eral administrators and the defendants in said suit,
who are the appellees on the present appeal.

GUNTER & GUNTER and J. M. CHILTON, for appellants.
By the mortgage, the mortgagor should have had the use
of his crops, his stock and provisions without let or
hindrance on the part of the creditors.   The law does
not permit any transaction between the creditor and an
insolvent debtor beyond the purpose of securing the
creditor's debt.   If the arrangement goes beyond this,
and secures to the debtor a benefit to the   debtor, it
thereby violates the letter and the spirit of the statute,
and the conveyance will be set aside for fraud.—*Craw-
ford v. Kirksey,* 55 Ala. 282; *Levy v. Williams,* 79 Ala.
176; *Lienkauff v. Frenckle,* 80 Ala. 136; *Wiley v. Knight,*
27 Ala. 336.

"It is not permissible for any one to avail himself of
a part of his indebtedness, to tie up all his property and
exempt it from liability to satisfy his other debts, while
he has the temporary use of it."—*Wiley v. Knight,* 27
Ala. 347; *Montgomery v. Kirksey,* 26 Ala. 185.

WATTS. TROY & CAFFEY, *contra.*—The averments of
fraud as contained in the bill were simply the conclus-
ions of the pleader and were not sufficient to charge
fraud.—3 Brick. Dig. 378, §§ 168, 169; *Louchcim v.
Bank,* 98 Ala. 521; *Coal Co. v. Hazard,* 108 Ala. 222;
*Warren v. Hunt,* 114 Ala. 506.

The fact that Thomas was insolvent and that Morris
& Co. knew of the insolvency amounts to nothing; if the
debt was *bona fide* and no benefit was reserved to the
mortgagor, it did not make the mortgage fraudulent.
There is no charge that Morris & Co. participated in any
intention on the part of Thomas to hinder, delay and de-
fraud his creditors. The mortgage was not for any great
length of time, as in *McDowell v. Steele,* 87 Ala. 493,
The law day of the mortgage was only nine months from

[Kidd, Executrix v. Josiah Morris & Co.]

its date, and there was no benefit reserved.—*Cooper v. First Nat. Bank,* 99 Ala. 119; *Howell v. Bowman,* 99 Ala. 100. See also, as bearing upon the demurrer and equity of the bill, *Howell v. Gordon,* 99 Ala. 111; *Hindman v. Dill,* 11 Ala. 689; *Ticknor v. Wiswell,* 9 Ala. 305; *Constantine v. Twelves,* 29 Ala. 607; *Troy v. Norman,* 107 Ala. 667-682.

TYSON, J.—The original bill in this cause was filed by the special administrators of the estate of Tulane. On the 8th day of September, 1898, a final decree was rendered dismissing the bill. On the 31st day of July, 1899, this appellant, as executrix of the estate of Tulane, appeared before the register and prayed an appeal to this court from the decree dismissing the bill, and filed her appeal bond, which was approved by him and the appeal allowed. It appears in the order entered by the register allowing the appeal, that the term of office of the special administrator had expired. The appellee makes a motion here to dismiss the appeal.

The question here presented cannot on principle be differentiated from the one reviewed in *Stoutz Admr. v. Huger,* 107 Ala. 248. Unless the decision in that case is receded from, then the motion to dismiss this appeal must be denied. Without reviewing what is there said as to the construction which must be given the statutes making provision for appeals, we will simply add that the right of appeal or the right to have reviewed a judgment or decree in a cause has long since been recognzied by this court, to be conferred not only upon the parties to the record, but privies to the record or those injured by the judgment or decree and who will, consequently, derive advantages from its reversal.—*Hill v. Hill,* 6 Ala. 166; *Headon v. Turner,* Ib. 66; *Dupree v. Perry,* 18 Ala. 34; *Roberts v. Taylor,* 4 Port. 421; *Perine v. Babcock,* 6 Port. 391. This same right is enforced by appellate courts in other jurisdictions.—2 Encyc. Pl. & Pr. 151. Of course, appellant's proper relation to the suit must be shown by the record. And in *Sewall v. Bates,* 2 Stew. 462, s. c. 3 Stew. 199; *Bettis v. Taylor,* 6 Port. 333, while recognizing the appellant's right to prose-

cute the writ of error, it was held that the clerk of the court in which the judgment was rendered, was without authority to grant a writ of error. These cases were repudiated on this point in the case of *Headon v. Turner, supra.*

Under section 62 the probate judge is authorized to appoint special administrators pending any contest respecting the validity of a will or for the purpose of collecting the goods of the deceased or in any other case, in which it is necessary, until letters testamentary or of administration have been duly issued.

Under the provisions of section 65, upon the grant of letters testamentary or of administration, the authority of the special administrators ceases.

Section 332 provides, "Suits commenced by a special administrator do not abate by the appointment of an executor or administrator in chief, but may be prosecuted by such executor or administrator," and section 348 provides that "Any subsequent administrator, or administrator with the will annexed, may have execution on any judgment recovered by any person who preceded him in the administration of the same estate, without reviving the same, or without proceeding to notify the defendant in such judgment."

The institution of this suit by the special administrators was for the benefit of the estate and there is no doubt, under these statutes, but the interest which the esate had in the suit, devolved upon this appellant. Nor can it be a matter of serious controversy that this appellant as the representative of the estate is precluded by the decree dismissing the bill, unless her appeal is allowed.

The motion to dismiss the appeal is overruled.

The mortgage assailed as fraudulent was made to secure the payment of three promissory notes of date October 9, 1897, payable, respectively, three, six and nine months after date, given for a present debt, and in the event of a failure to pay either of them with interest at maturity, "then all of said notes shall become due and payable at once," and the mortgagee authorized to foreclose the

mortgage upon the property conveyed by it. The property conveyed was personal, situate in the county of Elmore, in the State of Alabama, on what is known as the Ben Fitzpatrick Place, and comprised: "One distillery building, one warehouse, one condenser, one still, three pumps, all piping, four fermenters, one mash tub, one beer well, three whiskey cisterns, one elevator, one grist mill, and all material and whiskey which may be added to or made by him (the mortgagor) on said place, and all cattle, crops, mules, horses and hogs now on said place, and such as he may hereafter put thereon, and about 24,000 gallons of whiskey, constituting 555 barrels, and located and stored in Government warehouse on said Ben Fitzpatrick place."

The mortgage contains this further provision: "It is further understood and agreed that the said McKinney Thomas may at any time in his discretion sell any part of the whiskey, which is now in the said warehouses, or which may hereafter be manufactured and placed therein by him, upon paying the Government charges thereon, and paying the proceeds of such sale to the said Josiah Morris & Company," the mortgagee.

The bill after averring the complainant's intestate to be a creditor of the mortgagor, also avers that the respondent knew of his insolvency when the mortgage was taken; that the mortgage reserves a benefit to the mortgagor and was made and received to enable him to carry on the business of farming upon the plantation, and the business of a distiller of whiskey conducted on said plantation mentioned in the mortgage (which is made an exhibit to the bill) unmolested by his creditors other than the mortgagee. It is further averred that "when the mortgage was made there was upon said place mentioned in the mortgage, a crop of cotton, as well as crops of corn, and said mortgage allows and provides by implication the said mortgagor might use the said crops for his own benefit, as well as all future crops, while said mortgage debt might be renewed, without any limit to the period of renewals or the crops to be made."

It is not averred in the bill that the debt secured by the mortgage is not *bona fide*, nor that the property con-

veyed by it exceeds in value the debt; nor is there in the mortgage any stipulation or agreement for a renewal of the debt in case of default as averred, but on the contrary, as we have shown above, the right is expressly given to the mortgagee to foreclose in case of default on the first note for the whole debt, which note matured within three months after the execution of the mortgage. So, then, there are only two questions presented for consideration. It will be well here to note that the exhibit to the bill of the mortgage shows it to have been recorded in Elmore county on the 29th day of November, 1897.

The first question is, conceding that under the provision of the mortgage the mortgagor is entitled to the retention of possession of the property conveyed by it, was this such a reservation of a benefit to him as invalidates it as against the complainant?    This point was expressly decided by this court in *Howell v. Carden,* 99 Ala. 100, after an exhaustive examination o f the authorities and a thorough analysis of the question upon principle.   In that case it was held that it was not.

The next question, whether or not a mortgage executed by an insolvent grantor upon his crops, etc., and a crop to be grown, which gives the mortgagor the right to consume the property covered thereby, in making another crop, reserves such a benefit to the grantor as will make the mortgage fraudulent and void as to his other creditors, has also been decided adversely to the contention of the appellant in *Pugh, Stone & Co. v. Harwell & Clark,* 108 Ala. 486.

It is not contended by appellant that the right of disposition of the whiskey conferred upon the mortgagor by the mortgage affects its validity as against a creditor, nor indeed would such a contention, if made, be of any force.   For the reason that the authority conferred upon him to make sales of whisky upon paying the proceeds of such sales to the mortgagees constitutes him their agent and they could not escape from crediting on their indebtedness the proceeds received by him because he had fraudulently or dishonestly misapplied or employed

[Savage *et al.* v. Johnson *et al.*]

the money.—*Murray, Dibbrell & Co. v. McNealy*, 86 Ala. 234, and authorities therein cited. The averment "that said mortgage was made and received with the intent to hinder, delay and defraud," etc., is practically of no consequence in the absence of "substantive and traversible and provable allegations of other facts and circumstances."—*Coal City Coal & Coke Co. v. Hazard Powder Co.*, 108 Ala. 218; *Loucheim & Co. v. First National Bank*, 98 Ala. 521.

Affirmed.

