PETER FORTUNE *et al.*

*v.*

JAMES H. GILBERT.

*Opinion filed June 23, 1904.*

1. APPEALS—*effect where one of appellants dies pending appeal.* If one of several appellants dies pending the appeal the remaining appellants may suggest his death and proceed with the appeal, and it is not incumbent on the appellee to bring in the legal representatives of such deceased party as parties appellant.

2. SAME—*when motion to strike case from short-cause calendar is properly overruled.* A motion to strike a case from the short-cause calendar upon the ground that the cause was not at issue when the motion was made is properly overruled if not made until the day fixed for trial, which was nearly three months after the makers of the motion were notified the cause would be placed on the calendar.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

M. H. HOEY, and A. H. MEADS, for plaintiffs in error.

MORAN, MAYER & MEYER, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error, in an action of debt in the superior court, recovered a judgment against plaintiffs in error and one Patrick O'Toole. The plaintiffs in error and O'Toole perfected an appeal to the Appellate Court. After the assignment of errors, but before the submis-

sion of the appeal for decision, the said O'Toole died.
The Appellate Court was not advised of his death, and
the cause was submitted to it for decision as though all
of the parties were alive. The Appellate Court entered
judgment affirming the judgment of the superior court
as against the plaintiffs in error and said O'Toole, and
about fourteen months thereafter the plaintiffs in error
filed in the Appellate Court their suggestion of the death
of the said O'Toole and moved the court to set aside the
judgment entered in the cause. The court entertained
the suggestion and motion and granted the motion. As
appears by the record of the Appellate Court, the plain-
tiffs in error and the defendant in error came again into
court, and that court, to quote from the record, "dili-
gently examined and inspected as well the record and
proceedings as the matters and things therein assigned
as for error, and being now sufficiently advised of and
concerning the premises, for that it appears to the court
now here that neither in the record and proceedings
aforesaid nor in the rendition of the judgment aforesaid
is there anything erroneous, vicious or defective and
that in that record there is no error," thereupon entered
judgment affirming the judgment of the superior court as
against the plaintiffs in error only.

If one of several appellants shall die, the remaining
appellants may suggest the death of their co-appellant
and proceed with the prosecution of the appeal. (2 Ency.
of Pl. & Pr. 199; 2 Cyc. 771; *Alexander* v. *Rea*, 50 Ala. 64.)
It was not incumbent on the appellee in the Appellate
Court (defendant in error here) to take any steps toward
bringing in the legal representatives or heirs of the said
O'Toole as parties appellant in the Appellate Court. The
appeal might, after the death of O'Toole, properly pro-
ceed in the Appellate Court as an appeal on the part
of the plaintiffs in error, and so it appears to have pro-
ceeded to final judgment after the judgment against the
plaintiffs in error and O'Toole had been vacated.

The only remaining question is whether the superior court erred in refusing to grant the motion entered by O'Toole and the plaintiffs in error Hickey and Fortune to strike the cause from the short-cause calendar, where the defendant in error had caused it to be placed for trial. The ground of the motion was, that the issues in the cause had not been formed when the notice and affidavit to place the cause on the short-cause calendar were filed. The issues as to the plaintiffs in error and O'Toole had been joined, but Catherine McGuire, one of the plaintiffs in error, who had been served with summons eight months before, had not pleaded to the declaration nor had formal default been entered against her. The notice and affidavit to place the cause on the short-cause calendar were filed November 23, 1899. On January 9, 1900, Catherine McGuire was defaulted, and on the 19th day of February, 1900, the cause was reached for trial on the regular call of the short-cause calendar. It was not until that day, within but four days of three months after the cause had been placed on that calendar, that the motion to strike it from the calendar was entered. The cause was at issue as to the plaintiffs in error who made the motion when the notice and affidavit to place the cause on the short-cause calendar was filed, and the default against Mrs. McGuire, which placed the cause at issue as to all the parties, had been entered some forty-one days before the motion was entered to strike the cause from the short-cause calendar. Under the circumstances we think the superior court was justified in denying the motion, for the reason it was not offered until the day fixed for trial,—a period of nearly three months after the makers of the motion had been notified that the cause would be placed on the short-cause calendar. The objection was only technically good, and it was properly held not made in apt time.

The judgment of the Appellate Court must be and is affirmed.          *Judgment affirmed.*