## SEWALL v. BATES' adm'rs.

1. When a party has died after a judgment in the Court below, the clerk cannot, on the production of letters of administration, issue a writ of error, and thereby make the supposed administrators defendants thereto.
2. A writ of error thus issued, will be quashed on motion.
3. *Semble*, that in such cases, application must be made to this Court for a *scire facias* to the representatives, or a certiorari to bring up the record, on a suggestion of the death, supported by sufficient evidence.
4. The citation, when the sheriff is a party interested, must be directed to, and executed by the coroner.
5. It is not sufficient to affect the sheriff with legal notice, that the citation was placed in his hands as sheriff, and returned by him as to a co-defendant, "not to be found."

In a suit commenced by attachment, in Mobile Circuit Court, by Rufus Sewall against Daniel Stow, a replevy bond was taken by James P. Bates, then Sheriff of Mobile county; and at the February term, 1828, of the Court, Sewall filed exceptions to the bond, and moved the Court that Bates, the Sheriff, be held, and stand as special bail in the cause; which motion was, by the Court, at the April term, 1828, overruled. On the 15th of December, 1828, on the application of Sewall, the clerk of the Mobile Circuit Court issued a writ of error to this Court, in which it is recited that, "it being made manifest, from the

copy of the order and proceedings of the County Court of Mobile county, hereunto attached, that the said James P. Bates, since the rendition of the judgment aforesaid, has departed this life, and that Theophilus L. Toulmin, and Joseph Bates, jr. are his administrators," &c. and upon such recital, he proceeded to issue the writ of error against said Toulmin and Bates, as administrators, and thereby made them parties defendants in error in the cause, in this Court.   To the writ of error, there was annexed a certified copy of an order from the minutes of Mobile County Court, shewing that letters of administration had been granted on the estate of James P. Bates, as above stated.  A citation was issued to the administrators, Toulmin and Bates, directed to the sheriff of Mobile county, which was returned as follows: "J. Bates, the within named defendant, not found in my county.   January 1, 1829, T. L. Toulmin, sheriff of Mobile county."

A motion is now made in this Court by the appellees to quash the writ of error: and if that should be overruled, then to dismiss it, because the citation had not been served on the defendants.

ELLIOTT, for the appellees.

GORDON, for the appellant.

By JUDGE TAYLOR.   I am ignorant of any case in which a clerk is permitted to determine upon the sufficiency of evidence offered for the purpose of making new parties to a cause.   Even where the death of a party is suggested in Court, the clerk has no power to revive the action, either in favor of, or against representatives.   But in this case, he first judicially decides that the defendant is dead, and then that Toulmin and Bates, junior, are his representatives, and makes them defendants, without giving them an opportunity of contesting either of those facts. The uniform course in a court of justice, is, upon the suggestion of the death of the defendant, to issue a *scire facias* against such persons as from the production of satisfactory testimony, it appears, on this *ex parte* examination, are the representatives of the deceased, requiring them to shew cause at the next term of the Court, why the suit should not be revived against them.

In what way the representatives in a case situated like the present one, are to be made parties, I have not had an

opportunity of examining into authorities to enable me to determine, nor have authorities been cited by counsel; but I am inclined to the opinion, that application should, in the first instance, be made to this Court; either upon the suggestion of the death of the defendant below, and exhibition of a copy of the letters testamentary or of administration, and a copy of the record in the cause, to move for a *scire facias* against the representatives, to shew cause why they should not be made defendants, and a writ of error awarded from this Court to the Court below; or by a motion founded on the production of such evidence, for a *certiorari* to bring the proceedings of the Court below into this. Court.

I am also of the opinion, that the service of the citation is insufficient. It cannot be considered as the acknowledgment of service by Toulmin, for it does not even appear that he is the man against whom the citation issued; and if that is admitted, he has only acted officially in all that he has done. A citation may justly be considered as process, and when process issues against a sheriff, it should be directed to the coroner; when this is not the case, but it is directed to the sheriff, against whom it is issued, something must be done equivalent to a waiver of all benefit from the irregularity, before the Court will consider the party as consenting to be affected by such process. No such inference can be made from the circumstances of this case.

The Court unanimously agree that the writ of error should be quashed.