## ADMINISTRATORS OF BOOKER *vs.* HUNT & CONDRY.

After entering appearance and joining in error, it is too late for a party defendant to object, that an administrator or executor has been made a party plaintiff, to a writ of error.

There was a motion made in the Supreme Court to dismiss the writ of error in this case, on the ground that the clerk of the court below had no authority to issue the writ of

error at the instance of the administrator, the party defen- Admr's Booker
dant being dead.

HOPKINS, for defendant in error—

Insisted on this motion, inasmuch as that Booker, the defendant to the judgment below, being deceased, his administrator could not make himself a party without praying *scire facias*—and cited *Aikin's Dig*. 256—2 *Stewart*, 462— *Aikin's Dig*. 237, 259.

ORMUND, and
PECK, *contra*.

This case differs from the one read from *Stewart*.—The court has, in that case, only decided, that administrators cannot be made *defendants* by the act of the clerk. An administrator has surely the right to volunteer himself a party. But independent of this, the appearance of the party, and its continuance for several terms, precludes a motion to quash.

The court will not sustain the motion, as it is every days' practice for an administrator to make himself a party, on producing his letters.

By Mr. Justice SAFFOLD :

Motion by the defendants' counsel to dismiss the writ of error, on the ground, that Booker is supposed to have died after the rendition of the judgment against him, in the court below, and his administrator was made by the mere act of the clerk, in issuing the writ of error in his name, in the recess of the court ; which is supposed to be a judicial act to which the clerk was incompetent. It appears, however, that the case has been several times in this court, and continued from term to term for hearing on a joinder in error. By a statute of 1814, the Judges of the Supreme Court, and each of them, had authority to issue forth writs of error to the inferior courts of law and equity—to remove any judgment or decree, either at common law or in chancery, into

the Supreme Court for revision.[a]    Subsequent acts, autho-rise the clerks of the inferior courts, in which final judg-ments or decrees shall have been rendered, on the applica-tion of the party or his attorney, to issue the writs of error returnable to this court, and also to issue a citation to be serv-ed on the opposite party, to appear in this court.[b]   Thus the power, which, in contemplation of the former statute, as well as the common law, was to have been exercised by the Su-preme Court, or the Judges thereof, to issue writs of error, has since been conferred on the clerks; and the clerks of the inferior courts, in which the judgments or decrees have been rendered, are constituted *quo ad hoc*, officers of this court. It may also be observed that this form of issuing writs, which, according to the fiction of the former laws, purported to have been done by the authority of the court, by making the writs bear test as of the last preceding term, (implying the exercise of judicial power,) has, by a later statute, been mo-dified; it is now required, that all writs returnable to any court of record, shall bear test on the day on which the same shall be issued.[c]    Whether the issuance of writs for the re-vival of judgments and obtaining execution from the cir-cuit and county courts, for or against heirs or executors and administrators, where one or both the parties to the original judgments have died subsequent to the rendition thereof; would require the exercise of a power less judicial than the issuance of a writ of error in a case like the present, and whether the clerk is competent to the act, would seem to be a question worthy of consideration in a proper case.   It is true, that in the case of *Sewall* vs. *Bates' Administrators*,[d] this court ruled, that when a party has died, after a judg-ment against him in the court below, the clerk cannot, on the production of letters of administration, issue a writ of error, and thereby make the supposed administrators defendants thereto; and that a writ thus issued, would be quashed on motion.   It is to be remarked, however, in that case, that the citation had not been served on the supposed adminis-

trators, nor did they join issue on the assignment of errors, or enter any appearance implying a waiver of the exception. They moved the court to quash the writ of error, and this at the return term of the writ. The court then granted the motion, but declined to prescribe any definite rule of practice for future cases; the Judge who delivered the opinion, remarking, that he had not had an opportunity of examining authorities to enable him to determine, nor had any been cited by counsel; but he inclined to the opinion, that the application should in the first instance be made to this court. Under these circumstances, when another case shall occur, necessarily involving the same question, it will become our duty to investigate the subject, and to adopt a permanent rule of practice, unless, in the mean time, another department of the government shall deem it worthy of legislation. This, however, is viewed by us as a different case, by reason of the defendants' acquiescence—amounting to a waiver of the right to object. After entering their appearance, joining in error, and a continuance of the cause for several terms, it is considered too late for the defendants in the writ of error, to except to the manner in which the party plaintiff was so constituted, without any other showing that he is not the proper personal representative. Whether the authority to make the representative a party plaintiff, be different from that in relation to a defendant, as suggested in argument, we express no opinion. As respects our decision in *Whitaker* vs. *Patton's administrator, et al*,[a] to which reference has been made in support of this motion, it is sufficient to say, we think the two cases clearly distinguishable. There, several of the defendants to the writ of error, (and who had been also defendants below,) had been treated as minors, and a guardian, *ad litem*, had been appointed to represent them; he had joined in the plea as their legal representative, and in the judgment to be reversed, was a material party; but, in the writ of error, his name was entirely omitted—leaving the minors wholly unrepresented in this court. The

Admrjs Booker
vs.
Hunt & Condry.

a See pages 9 to 15, of this vol.

Harkins
vs.
Clemens. appearance entered in this court, and the joinder in error, could only be viewed as the acts of the defendants, in the writ of error. The minors were incompetent to do any such act, so as to make it binding upon them ; and it is at all times the duty of the court to protect them against a sacrifice of their rights. Here we cannot know that any mis-joinder or non-joinder of the proper parties exists ; exception only is taken to the mode of constituting the party plaintiff, and that has been waived in the manner mentioned.

The motion must, therefore, be overruled.