# WESSON et al vs. CROOK.

1. A writ of error will be quashed, on motion, when the record shows that the defendant therein was dead when the writ issued, and that he had no legal representative.
2. Writs of error are governed, as to the practice in making parties, by the rule laid down in Sewall v. Bates, 2 Stew. 462; but when an appeal is taken under the Code, parties may be made in court below (§ 3069).

ERROR to the Chancery Court of Benton.
Heard before the Hon. DAVID G. LIGON.

MOTION to quash the writ of error.

Wesson et al. v. Crook.

RICE & MORGAN, for the motion.

WHITE & PARSONS, and J. B. MARTIN, *contra*.

LIGON, J.—It is conceded, by a written agreement on file, that Crook, who is sought to be made defendant in error, had been dead more than a year before the writ of error bears date, and that he is without legal representatives.

The prosecution of a writ of error is a new suit between the parties, commenced by the issue of the writ and service of the citation which is required to accompany it. Until this is done, this court has no jurisdiction either of the case or parties, any more than the inferior courts would have in cases in which the leading process of those courts had not been executed on the defendant. In either case, if the process issue against a dead man, it is a nullity.

We have already decided, that, if a party die after judgment in the court below, the clerk of that court cannot issue a writ of error ; but that the party desiring to sue out the writ of error must suggest the death in this court, produce a copy of the record and of the letters of administration, and either move for a *scire facias* against the representative, to show cause why he should not be made a party defendant and a writ of error be awarded by this court, or for a *certiorari* to bring up the record. Sewall v. Bates' Adm'rs, 2 Stew. 462. Such, we think, should have been the course pursued in this case.

Appeals taken under the Code, so far as the practice in cases like the present is concerned, must be governed by section 3039, which, it will be perceived, differs from the rule in Sewall v. Bates, *supra*, and allows the parties to be made by the clerk, judge of probate, or register, in the court below.

Let the writ of error be quashed.