## CAREY vs. McDOUGALD'S ADM'R.

[MOTION TO QUASH FI. FA. FOR COSTS OF APPEAL.]

1. *Costs allowable if certificate prima facie show jurisdiction.*—Where the certificate of the clerk, appended to the transcript, *prima facie* gives the appellate court jurisdiction of the case, costs are allowable, although the case is finally stricken from the docket for want of jurisdiction.

APPEAL from the Court of Probate of Russell.

THE transcript in this case was brought up to the June term, 1853, and a decision was here rendered at June term, 1854, which may be found in 25 Ala. 109. The facts shown by the transcript, minute entries, judgment, and dockets of this court, so far as they have any bearing on the present motion, are as follows : In his final certificate, appended to the transcript, the judge of probate certifies, " that an appeal was taken on the 12th day of February, 1853, by the plaintiff in said cause, to the Supreme Court of Alabama, from the decision of this court ; and that Allen Eiland is the security of said plaintiff for the costs which may accrue against said appellant in the Supreme Court." The transcript was marked " Filed, July 25, 1853", by the then clerk of this court, and the case was entered on the trial docket at that term. At the January term, 1854, the appellant's attorneys entered their appearance, and on their motion a *scire facias* to hear errors was awarded ; which was issued, and returned executed. At the June term, 1854, on motion of the appellee, a special *certiorari* was awarded to the primary court, requiring the judge of probate to certify to this court the day on which the security for the costs of the appeal was given. This writ was duly issued, and the return to it showed that the security was given more than thirty days after the decision of the court from which the appeal was prosecuted ; and the writ, with its return, was filed among the papers of the cause. At the January term, 1855, the cause was here stricken from the docket for want of jurisdiction, and a judgment for costs rendered against the appellant and his surety. On this judg-

ment a *fi. fa.* for the costs issued, which the surety now moves to quash, on the ground that the court had no jurisdiction to render a judgment for costs.

JAMES B. MARTIN, for the motion, contended, that no judgment for costs could be rendered, unless the court had jurisdiction ; and cited Mazange v. Slocum & Henderson, 23 Ala. 668.

JAMES E. BELSER, for the plaintiff in the execution, and J. W. SHEPHERD, for the clerk of the court, *contra :*

1. Costs are entirely dependent upon statutory regulation, and the statutes of this State make no exceptions of cases which are not within the jurisdiction of the court. When a bill in chancery is dismissed for want of jurisdiction, or a plea to the jurisdiction sustained in a common-law case, judgment for costs is always awarded ; and no reason is perceived for a distinction, in this particular, between courts of original and appellate jurisdiction.—Clay's Digest, p. 316, § 20 ; Code, § 2375; Westmoreland v. Hale, 11 Ala. 122 ; Winchester v. Jackson, 3 Cranch, 515 ; Briscoe v. Briscoe, 3 A. K. Mar. 499.

2. The practice of striking causes from the docket for want of jurisdiction, is equally oppressive to the parties litigant and the clerks of the courts ; and it is obnoxious to the greater objection, that it makes the clerk of this court, *pro hac vice*, a judicial officer, in submitting to his decision a jurisdictional fact,—often the most important question in the cause. That the clerk of the primary court cannot demand his fees when the transcript is delivered, but must await the final determination of the cause in the appellate court, see McRae v. Juzan, 4 Ala. 286; McCord v. Boyd, 12 *ib.* 760.

PER CURIAM.—The motion must be overruled. The certificate of the probate judge in this case, *prima facie*, gave jurisdiction ; and there was, therefore, a warrant for putting it on the docket, which distinguishes it from Mazange v. Slocum & Henderson, 23 Ala. 668. Being properly on the docket, the question of rightful jurisdiction was a matter which was tried ; and the costs should follow the judgment.