## MORROW et al. *vs.* TAGGART, Adm'r.

[MOTION TO DISMISS APPEAL; ACTION ON PROMISSORY NOTE ; REVIVAL OF SUIT.]

1.  *Appeal ; when will not be dismissed* —Where a judgment has been rendered against two defendants, and one of them dies, an appeal may be taken in the name of the survivor and the representatives of the deceased, under section 3507 of the Revised Code.
2.  *Complaint ; when does not show a substantial cause of action.*—A complaint in the name of the representative of a deceased administrator of an intestate as plaintiff, on a cause of action which accrued to the intestate, does not contain a substantial cause of action.

APPEAL from Circuit Court of Dallas.
Tried before Hon. JOHN MOORE.

This suit, which was an action on a promissory note, was

begun on 27th March, 1866, by John K. Cullen, in his representative capacity as administrator of William Cullen, deceased, against H. B. Campbell, John Morrow, and Thos. Cummings. Cummings was not served, and the suit appears to have been discontinued as to him. John K. Cullen died after the suit was brought, and before judgment was rendered. The suit was revived, and judgment rendered in favor of Taggart as administrator of John K. Cullen, the original plaintiff. The judgment in favor of the plaintiff was by default.

After judgment, Morrow, one of the defendants, having died, the other defendant, Campbell, and the administrators of Morrow, jointly took an appeal. The errors assigned (among others) are, the judgment rendered, and the *revivor* in the name of John K. Cullen's administrator, Taggart.

The appellee moved to dismiss the appeal out of the supreme court—

1st. Because the appeal is not authorized by law; and,

2d. Because the appeal does not conform to the law authorizing appeals in such cases as this.

PETTUS & DAWSON, for appellant.—Section 3507 of the Revised Code provides for appeal where "*either* party" dies. This, we insist, is equivalent to saying when *any* party dies. The evil intended to be remedied was the delay and expense of reviving in this court. This section was intended to provide a convenient way in which to appeal in such cases.

The unity of the judgment can not be destroyed by allowing *one* of two defendants to appeal.—*Moore v. McGuire*, 26 Ala. 461. The difficulty suggested by appellee about joining an administrator with a living defendant is shown to be without foundation, in *Savage & Darrington v. Walsh & Emanuel*, 26 Ala. 619; 24 Ala. 293.

The objection that there is no *revivor* is not well taken. The section (3507) does not require any *revivor*. "Satisfactory evidence" of the death of a party and the grant of letters of administration, must be made to the clerk; this is all. The clerk being made the judge of what evidence

is satisfactory, his ruling cannot be examined.   The clerk certifies that Morrow died after judgment, and he states the name of the administrators of Morrow.   He calls them " administrators of John Morrow, the other defendant," in his certificate.   Hence, we say that this court will presume that evidence of the grant of administration was made to the clerk.

This evidence was in fact made before the clerk; and if the court should consider the certificate of the clerk defective on that point, the appellants move for a *certiorari* to perfect the certificate of appeal.

The mode of taking appeals as directed in *Wissan v. Crook*, 24 Ala. 479, was abolished by section 3507 of the Revised Code.

The character in which a party sues must be determined, not from the description which he gives of himself in the caption of the declaration, but from the body of the pleading.—*Tate v. Shackelford*, 24 Ala. 510 ; *Farrow v. Bragg*, 30 Ala. 261.

In this case, " the body of the pleadings,"—the complaint,—shows that John K. Cullen, the original plaintiff, sued in his character as administrator of the estate of William Cullen, deceased, and that the note, which was the foundation of the action, was assets of said decedent's estate.

This being so, on the death of John K. Cullen, the original plaintiff, the suit ought not to have been revived in the name of *his* administrator ; but it ought to have been revived in the name of the administrator *de bonis non*, of William Cullen, deceased, to whose estate the note sued on is shown by the complaint to belong.

This point is made clear by the Revised Code, section 2283 :   " When any action has been commenced by or against the personal representatives of the deceased, the same may be prosecuted by or against any succeeding executor or administrator, who may be made parties on motion."

A similar statute is found in Clay's Dig. 227, section 30. This statute has been held to mean that " the administrator *de bonis non* of any estate is the proper person to revive

and enforce a judgment belonging to the estate, and recovered in the name of the deceased administrator-in-chief." *Warren's Ex'r v. Rist, Adm'r*, 16 Ala. 686; *Duncan, Adm'r, v. Hargrove et al.*, 18 Ala. 77.

The note that was at the foundation of this suit was unadministered, and remained the property of the estate of William Cullen, at the death of John K. Cullen, the administrator-in-chief of said estate. The administrator *de bonis non* of William Cullen, was entitled to this note after the death of the first administrator, and, therefore, was entitled to prosecute this suit in his name.—*Swink's Adm'r v. Snodgrass*, 15 Ala. 653; *Lawson v. Lay*, 24 Ala. 184; *Wyatt v. Rambo*, 29 Ala. 510; *Ikelheimer v. Chapman's Adm'r*, 32 Ala. 676.

The complaint in this case does not show a substantial cause of action in favor of the appellee; consequently the judgment will be reversed, notwithstanding it was rendered upon a default, and there was no objection below.—*Childress and Wife v. Mann & Co.*, 33 Ala. 206.

Even if there had been an appearance and the judgment had been by *nil dicit*, the judgment would be reversed; for a judgment *nil dicit* does nothing more than admit that the defendant is properly before the court. It cannot cure a defective declaration.—*Randolph v. Cook*, 2 Porter, 286; *Emanuel v. Ketchum*, 21 Ala. 257.

FELLOWS & JOHN, *contra*.—Section 3507 was intended to allow a revival before the clerk in specified cases, to-wit: when a sole plaintiff or sole defendant *dies* after judgment. Then an appeal may be prosecuted in the *name of, or against the legal representatives of, the deceased.*

But here there is a judgment against two; one dies, and the other survives. Can the statute apply to this sort of case? It clearly does not. Because the appeal for which the statute *provides*, and the only appeal provided for by this section, is an *appeal against, or by, the legal representative of the deceased party.* This statute does not authorize an appeal in a case in which the *representative* of a deceased, and *a living person, either plaintiff or defendant*, must unite in taking, prosecuting, or defending the appeal.

In cases where a portion of the plaintiffs or defendants die after judgment and before appeal, the appeal must be applied for and sued out, &c., as provided for by this court in *Sewall v. Bates, Adm'r*, 2 Stew. 464; *Wesson et al. v. Crook*, 24 Ala. 479.

The complaint in this case contains a substantial cause of action; and the question of *revivor* was one which the court below was compelled to pass on. It did so on the evidence presented. No objection was made below; therefore, this court must presume that this action of the court below was correct. How can this court revise this action of the court, when the evidence is not shown? Taggart is the proper party plaintiff, and was entitled to recover, if his pleadings and evidence justified it. As to the pleading, we think this case differs from that class of cases criticised and cited in part in 40th Ala. 142.

We think that this question of *revivor* in this form is *matter* embraced and provided for by section 2811 of Revised Code.—*Blount v. McNeil*, 29 Ala. 478; *Stewart v. Goode & Ulrick*, 29 Ala. 476.

If the *revivor* in Taggart's name be correct, then he was entitled to recover if he had a complaint containing a substantial cause of action. This he had, as we think. There might have been ground for a demurrer; there might have been grounds for objecting to the evidence. There was no demurrer, and no objection to evidence. Suppose the note introduced was payable to John K. Cullen; his administrator had a right to recover on it, notwithstanding. The complaint described John K. Cullen as the administrator, &c., of Wm. Cullen. This was amendable, and on the facts might be regarded as mere description of the person, or surplusage. And after judgment this court will so regard the complaint.—*Robinson, Adm'r, v. Tipton, Adm'r*, 31 Ala. 611, 612; *Tate v. Shackelford, Adm'r*, 24 Ala. 510; *Arrington v. Hair, Adm'r*, 19 Ala. 244.

The cause of action is not set out in this record. The court should make all the presumptions the *record* will admit, to sustain the judgment below.

20

B. F. SAFFOLD, J.—A motion is made to dismiss the appeal on the ground that the judgment is against two named defendants, and the appeal is taken in the name of one of the defendants and the two administrators of the other one who died after the rendition of the judgment.

Section 3507 of the Revised Code authorizes an appeal to be taken by the representative of a party who dies after judgment, and before appeal taken, on proof, satisfactory to the clerk, of the death of the party and grant of letters testamentary or of administration. An appeal can not be taken by one of several defendants in his own name alone. It must be sued out in the name of all the defendants, after which there may be a summons and severance as to those who refuse to join.—*Moore v. McGuire,* 26 Ala. 461. In *Savage & Darrington v. Walsh & Emanuel,* 24 Ala. 295, the judgment was against two. The appeal was taken by one, who afterwards died. The court held that the suit must be revived in the name of his administrator, and that the other defendant must be made a party. If there should be an affirmance, the judgment would be rendered against all the parties, as against the administrator to be levied *de bonis intestatis,* and against the others, *de bonis propriis. Bancroft, Adm'r, v. Stanton,* 7 Ala. 351, was to the same effect, the administrator and the other plaintiff in error having joined in a writ of error. At that time the general law was, that the executor or administrator could not be joined with one chargeable on his own account; but by sections 2546, 2547, Revised Code, suits against joint obligors are not required to abate as to one who may die, but may be revived against his personal representatives and a several judgment rendered against the survivors, and the representatives of the deceased. If the practice indicated in the cases cited from 7th and 24th Ala. was doubtful, these sections are confirmatory and decisive. The motion to dismiss the appeal is therefore denied.

The complaint being on behalf of John K. Cullen, as administrator of William Cullen, deceased, as plaintiff, to recover assets of his *intestatis* estate, and the said plaintiff having died, the suit was revived in the name of his ad-

ministrator, and not of the administrator *de bonis non* of
William Cullen. The judgment was by default and in
favor of the plaintiff. Thus the representative of John
K. Cullen recovered the assets of the estate of William
Cullen.

An action on a promissory note must be brought in the
name of the party really interested.—Rev. Code, § 2523.
If he should die pending the suit, it must be revived in
the name of his legal representative. If the latter should
die, an administrator *de bonis non* is his successor, and the
one in whose name the suit should be revived. If his own
representative should be allowed to recover the assets of
the original intestate, he only would be responsible for it,
and not his sureties, or the estate of his intestate. There-
fore, he has no more claim to recover than a stranger.
The complaint does not authorize the judgment; nor
does it contain a substantial cause of action in favor of
the present plaintiff.

The judgment is reversed, and the cause remanded.