# Lasseter *v.* Deas.

## *Trover.*

(Decided November 11, 1913.   63 South. 735.)

1. *Appeal and Error; Effect.*—where an appeal is perfected, the entire cause is removed from the trial court, and pending the appeal the trial court loses all jurisdiction and cannot authorize a revivor of a cause of action.

2. *Same; Jurisdiction of Appellate Court; Revivor.*—Where an appeal is perfected in the usual manner, the court to which the appeal was taken has jurisdiction to determine whether it can entertain

[Lasseter v. Deas.]

the appeal and may make any order necessary to the exercise of that jurisdiction; hence, where the appellee dies pending the appeal, the appellate court may make an order reviving against the administrator of appellee.

3. *Same; Review; Finding.*—A finding of fact by the trial court on conflicting evidence will not be reversed on appeal where it necessitates weighing the evidence and pasisng on the credibility of witnesses.

4. *Estoppel; Equitable.*—Where a defendant appeals from an adverse judgment and plaintiff dies pending the appeal, and defendant procures an order of revivor against plaintiff's administratrix, defendant cannot attack the order of revivor as invalid, his appeal having been dismissed.

5. *Executors and Administrators; Right of Widow; Action.*—Where the personal property of decedent does not exceed $1,000, his widow may maintain an action upon any claim due the decedent.—(Sec. 4200, Code 1907.)

6. *Same.*—Where a decedent instituted the action of trover and dies pending an appeal by defendant, and the action was revived in the appellate court in the name of plaintiff as administratrix, such plaintiff became the representative of decedent, and occupied the same position as if he had begun the suit originally, and amended pleadings filed by her related back to the commencement of the suit; hence, even though the substituted plaintiff was the wife of decedent, she cannot set up her right to the property as widow under section 4200, Code 1907, the defendant having set up as a counter claim his right to recover property mortgaged upon which the original plaintiff had waived his exemptions.

7. *Same; Allowance to Widow.*—Where the action was by a widow to recover a judgment so that her allowance of $1,000 as widow could be satisfied, any set off due defendant from her deceased husband could be urged to reduce the recovery.

8. *Exemptions; Waiver.*—The exemption of personalty given by section 4164, Code 1907, may be waived by an agreement in writing.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Mariah P. Deas as administratrix and as widow against L. Lasseter in trover, trespass and case. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BALL & SAMFORD, and J. LEE HOLLOWAY, for appellant. This cause was dismissed on a former appeal for want of jurisdiction, and the case stands in the trial court the same as if no appeal had been taken.—3 Cyc. 200; *Deas v. Lasseter,* 2 Ala. App. 469. Under these

conditions only the lower court had the right to revive.
—2 Cyc. 779; 2 Code Rep. (N. Y.) 128; 4 Cyc. 290.   It
was necessary for plaintiff to comply with the statute
by reviving within twelve months.—Sec. 2499, Code
1907.   The right of exemption is a personal privilege,
and does not vest in the personal representative.—*Jack-
son v. Wilson,* 23 South. 521; *Alley v. Daniels,* 75 Ala.
403; *Pullman P. C. Co. v. Henderson,* 120 Ala. 109; 18
Cyc. 1468.   The widow has not asserted any right of ex-
emptions.—*Gamble v. Kellum,* 97 Ala. 677.   There was
nothing to show that Deas was a resident of this state
at the time of his death.—*Martin v. Bradford,* 68 Ala.
362; *Williams v. Horn,* 57 Ala. 40.   If there is a balance
due on the mortgage after a default is made, the mort-
gagee's right of possession cannot be defeated.—7 Cyc.
78.

W. P. McGaugh, and Weil, Stakely & Vardaman,
for appellee.   It is elemental that a perfected appeal re-
moves a cause entirely from a trial court, and that court
can make no further orders pending the appeal.—*Mc-
Laughlin v. Beyer,* 61 South. 62; *Ex parte City of Mont-
gomery,* 14 South. 365.   The motion to revive is not such
a collateral or supplemental matter as could be the
subject of action  on the part of the trial court after an
appeal has been taken.—Elliott's App. Proc., secs.
544-545.   There was no proof to sustain the motion
showing when Deas died, and hence, the court will not
consider this matter.—*Dickerson v. Toumlin,* 2 S. & P.
52.   The demurrers to the replication were general or
speaking demurrers, and hence properly overruled.—
Sec. 5340, Code 1907; *McDonald v. Pearson,* 114 Ala.
630; *Richard v. Steiner Bros.,* 152 Ala. 303.   The judg-
ment of the lower court will not be reviewed where no
exception was reserved.—*Greek A. P. Co. v. L. & N.,* 57
South. 455.

[Lasseter v. Deas.]

PELHAM, J.—This case was first tried in the Montgomery county circuit court in June, 1910, and a judgment rendered in favor of the defendant, the appellant here. A motion was made by the plaintiff in the trial court to set aside this judgment and grant the plaintiff a new trial, which was granted, and the defendant prosecuted an appeal from this order granting a new trial to the Supreme Court, and upon the creation and organization of this court the case was transferred to it on the 3d day of April, 1911. The plaintiff (appellee) having died in August, 1910, subsequent to taking the appeal, but before submission of the case in the appellate court, the parties appeared in this court on May 9, 1911, and on suggestion of the death of the appellee the case was revived by an order of this court against Mariah P. Deas, as administratrix of J. C. Deas, the original plaintiff and appellee, and the case thereupon submitted. The appeal was dismissed on December 9, 1911, because a sufficient judgment was not shown by the transcript to support an appeal.—*Lasseter v. Deas,* 2 Ala. App. 469, 57 South. 49. After the case was dismissed here, it again came on for trial in the Montgomery county circuit court on August 18, 1912, and a motion was then made to revive the case in the circuit court on behalf of the plaintiff in the name of the plaintiff's personal representative, Mariah P. Deas, as the administratrix of J. C. Deas, deceased, the original plaintiff. The defendant interposed an objection to this motion as coming too late, and moved to abate the suit, because there had been no revivor of the cause of action within the period prescribed by statute—12 months.—Code, § 2499. The action was revived by the trial court, and the motion to abate overruled, on the theory that there had been a revivor in the Court of Appeals; a certificate from the clerk showing the order of this court to that effect of date May 9, 1911, having been introduced in evi-

dence on the hearing of the motion. Thereupon the case was tried, and resulted in a judgment for the plaintiff, from which the defendant brings this appeal, and insists, among other matters presented on this second appeal, that the suit was not legally revived within the period required by law, that it has abated, and that an order to that effect should be made.

The question turns on whether or not the order of revivor entered in this court was operative and of force and effect as a valid order reviving the cause when the case was formally pending here on appeal. The appellant on the first appeal (who is also the appellant in the present appeal) perfected his appeal at that time to this court, thereby wholly and absolutely removing the case from the trial court into this court, and the effect of this act upon the part of the appellant was to cause the trial court to lose all jurisdiction and control of the case pending the appeal here, and an order of revivor within the period required by statute could only have been made in this court.—*McLaughlin v. Beyer* (Sup.), 61 South. 62. The order of revivor made in the Court of Appeals was in the interest of the appellant, being a necessary prerequisite of a submission by him of his appeal. The appellant invited this action of the court by his own act for his own benefit when the case was pending regularly in the Court of Appeals, it having, at the time of making the order, jurisdiction of the subject-matter and the parties, and the appellant cannot now be heard to question the validity of the order thus made. Moreover, the appellate court had jurisdiction to entertain the appeal for the purpose of ascertaining whether it had rightful jurisdiction (*Gartman v. Lightner*, 160 Ala. 202, 208, 49 South. 412), and any order made by it as a necessity to this determination was valid, and would have full force and effect as such. The certificate of the clerk, appended to the transcript,

gives the appellate court prima facie jurisdiction, and, though the case may be subsequently dismissed for want of jurisdiction, orders made by the court when the case is pending that are necessary to a submission of the case, or the determination of the question presented for the court's action, or that necessarily follow its order, as a judgment for costs, are within the jurisdiction of the court for the purposes for which the appeal is entertained, and therefore valid.—*Carey v. McDougald,* 27 Ala. 616. The case having been revived within the period by a valid order of the Court of Appeals, the trial court was not in error in its rulings with respect to this matter.

The complaint in the suit as originally brought contained counts in trover, trespass, and case. On the second trial of the case, after the suit had been revived in the name of Mariah P. Deas, as administratrix of the estate of the original plaintiff, J. C. Deas, the plaintiff filed an amended complaint by adding the common counts. Thereupon the defendant, in answer to the claim, set up under the common counts filed pleas of set-off based on a counterclaim due from the original plaintiff to the defendant on a demand secured by a mortgage, in which plaintiff waived his exemptions as to personal property. The plaintiff filed a special replication to the defendant's pleas of set-off, averring in effect that the original plaintiff, J. C. Deas, did not own as much as $1,000 worth of personal property at the time of bringing the suit or at the time of his death, and alleging that therefore the claim upon which plaintiff's suit was based was exempt from the payment of the claim which defendant sought to set off in his said pleas. The court overruled the defendant's demurrers to the special replication undertaking to set up an exemption as an answer or bar to the defendant's claim pleaded as a set-off to plaintiff's demand.

As it is specifically averred that the defendant's demand, which he offered to set off, was secured by an instrument in which the plaintiff waived his exemptions as to personal property as against the payment of debts, we cannot think the exemption sought to be claimed and pleaded in the special replication is that which might be secured to the original plaintiff as a resident of the state under the provisions of section 4164 of the Code, and it is persuasive of this conclusion that the court overruled demurrers to the replication, for we assume that the court would not have overruled the demurrers to the special replication in the very teeth of the language of the pleadings. It would seem, then, that the pleadings, although not scientifically drawn, were framed and considered on the theory that the plaintiff, as administratrix, in this suit could set up in the special replication the statutory exemption as to personal property belonging to a decedent at the time of his death in favor of a widow as against the payment of debts.— Code, § 4200.

It nowhere even appears that the administratrix, in whose name the action was revived, is the widow of J. C. Deas, who, as plaintiff, originally brought the suit, and the complaint before the court could not possibly bring the case within the influence of such an exemption as is provided by section 4200 of the Code. Mariah P. Deas, in whose representative capacity as administratrix the suit was revived, irrespective of the fact that she is the administratrix of the estate of J. C. Deas, could maintain a personal action *as the widow* of said J. C. Deas (if, in fact, she is his widow) to recover the exempt property or money due her deceased husband, if it did not exceed $1,000 in value (*Gamble v. Kellum,* 97 Ala. 677, 12 South. 82; *Jackson v. Wilson,* 117 Ala. 432, 23 South. 521) ; but this is not such an action. This is a suit originally brought by J. C. Deas, individually, as plaintiff,

declaring on a cause of action accruing to him individually, in which can be determined only the respective individual rights involved in that suit between him and the defendant, and, the plaintiff having died pending the suit, *that suit* and the issues involved in it only are revived and prosecuted in the name of his personal representative, Mariah P. Deas, as the administratrix of his estate.—Code, § 2499. After the order of revivor, Mariah P. Deas, as administratrix, became, in legal effect, the party plaintiff in the action, and occupied the same position in that capacity as if she had originally commenced it.—*Jenkins v. Bramlett,* 131 Ala. 598, 32 South. 575; *Pearson v. King,* 99 Ala. 125, 10 South. 919. The amendments to the pleading filed after the case had been revived in the name of Mariah P. Deas, as administratrix, were within the lis pendens of the original pleadings, and related back to the commencement of the suit at a time when J. C. Deas was the party plaintiff (Code, § 5366; *T. C. I. Co. v. Barker,* 6 Ala. App. 413, 60 South. 486), and the issue was as to the individual rights and liabilities of the respective parties involved in the subject-matter of that suit, in which the exemptions of the property of the deceased husband from the payment of debts in favor of the widow could not in any way enter.

Even if the action had been a suit brought by the widow, as such, to recover the amount due her deceased husband by the defendant, in determining the defendant's liability and the amount of his indebtedness to the deceased husband, the defendant would be entitled to plead and prove any legal set-off he might have to the demand sued upon, without regard to any exemption existing in favor of the widow to property belonging to her deceased husband at the time of his death, for her right of exemption could only pertain to the amount actually due from the defendant to her husband at the

time of his death, and, in determining what that amount is, the defendant is entitled, when properly pleaded, to have taken into consideration any set-off to the demand sued upon that exists in his favor. On the other hand, if we consider the replication as endeavoring to claim an exemption in favor of the original plaintiff (Code, § 4164), it is patently bad, for it is alleged in the plea it purports to answer that the demand sought to be set off against the plaintiff's claim was one as to the payment of which the deceased has waived his exemptions as to personal property. The replication, in any light in which it may be viewed as to the exemption sought to be claimed, was manifestly bad, and not susceptible of amendment except by a total departure. We think the demurrers sufficiently pointed out and called this to the attention of the court, and that the court was in error in overruling the demurrers.

The third count was not subject to the demurrers interposed to it, and the demurrers were properly overruled. No objection or exception is shown to have been made or reserved to the finding of the court (sitting without a jury in the trial of the case) on the evidence (*Williams v. W. I. Co.,* 106 Ala. 254, 17 South. 517; *Alosi v. B. W. W. Co.,* 1 Ala. App. 630, 55 South. 1029), nor will the finding of the trial court upon conflicting evidence be reversed on appeal, where it necessitates a consideraton by the appellate court of the weight of the evidence and credibilty of the witness.—*Ala. S. & I. Co. v. Kratzer I. C. Co.,* 2 Ala. App. 604, 56 South. 767; *Davidson v. State,* 5 Ala. App. 106, 59 South. 687.

No other errors among those assigned and insisted upon are available to appellant in the condition of the transcript, which fails to show proper exceptions reserved in the trial court to authorize a review here of other rulings complained of. For the error pointed out, the judgment of the lower court must be reversed.

Reversed and remanded.