(76 South. 857)

FLEMING v. COPELAND. (4 Div. 734.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. APPEAL AND ERROR ☞334(7)—PARTIES— ORDER OF REVIVOR—CONCLUSIVENESS—PREMATURE MAKING.

Where order granting a revivor in the name of complainant's widow was prematurely made by the chancellor before the date indicated for the hearing of the petition for revivor in the notice to defendant, defendant was not concluded by such order or decree.

2. APPEAL AND ERROR ☞334(1)—PARTIES— DEATH OF COMPLAINANT—NECESSITY OF REVIVOR.

Where, at the time of the attempted perfection of appeal to the Supreme Court, complainant was dead, no binding judgment could be rendered in the cause without a revivor.

3. APPEAL AND ERROR ☞332 — DEATH OF PARTY AFTER JUDGMENT AND BEFORE APPEAL — APPEAL IN NAME OF OR AGAINST LEGAL REPRESENTATIVE—STATUTE.

By direct provision of Code 1907, § 2853, when any party to a judgment or decree dies after judgment or decree rendered and before appeal taken, an appeal may be prosecuted in the name of, or against his legal representative, on producing satisfactory evidence of the death of the party and grant of letters testamentary or of administration.

Appeal from Chancery Court, Pike County; O. S. Lewis, Chancellor.

Suit by W. A. Copeland against W. E. Fleming. From a judgment for plaintiff, defendant appeals, and plaintiff moves to dismiss. Appeal dismissed.

A. G. Seay, of Troy, for appellant. H. L. Martin, of Ozark, for appellee.

THOMAS, J. Appellee submitted on motion to dismiss the appeal. The record shows that a motion to revive was filed in the chancery court on December 22, 1916. The motion averred the death of W. A. Copeland on November 27, 1916; that petitioner was the widow of said decedent; that all of the personal property of the decedent was exempt to her, the widow, and decedent's minor children; that petitioner was entitled to the custody and possession of the same, and had the right to prosecute, in her name, the suit of W. A. Copeland v. W. E. Fleming, theretofore pending in the chancery court of Pike county, as provided by sections 4202 and 4203 of the Code—and prayed for an appropriate order of revivor of said suit in her name. Notice thereupon issued to W. E. Fleming or his attorney of record that said petition would be heard before the chancellor on the 10th day of January, 1917, at Tuskegee, Ala., concluding, "At which time and place you will appear and contest the same as you may see proper." This notice was dated January 5, 1917.

[1] The order granting the revivor was prematurely made by the chancellor on January 8, 1917, before the date in the notice indicated for the hearing. The said Fleming was not concluded by such order or decree. On this appeal his counsel says:

"The order issued by the chancellor January 8, 1917, reviving this cause in the name of Smithie Copeland, was error, for that the same was issued before the time to hear the same. Transcript, p. 63. This cannot be said to be error without injury."

The third assignment of error challenges the correctness of the premature decree of revivor without notice of the hearing.

[2] The facts remain, however, that at the time of the attempted perfection of the appeal to this court the said W. A. Copeland

was dead, and that without a revivor no binding judgment could be rendered in the cause. Gill v. More, 76 South. 453;[1] Whitlow v. Echols, 78 Ala. 206, 210; Johnson v. Johnson, 40 Ala. 247, 253; Elsassor v. Haines, 52 N. J. Law, 10, 18 Atl. 1095. The record does not show that petitioner, Smithie Copeland, said widow of W. A. Copeland, ever became a party to the record by order of this court, or that she submitted herself to the jurisdiction thereof. Weller & Sons v. Rensford, 164 Ala. 312, 51 South. 344.

[3] The appeal not having been perfected (Code, § 2853; Morrow v. Taggart, 45 Ala. 293), the motion is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.