167 So. 284

**WILLIAMS, Superintendent of Banks, et al. v. KNIGHT.**

**8 Div. 688.**

Supreme Court of Alabama.

March 19, 1936.

Rehearing Denied April 23, 1936.

Taylor, Richardson & Sparkman, of Huntsville, for appellants.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

## KNIGHT, Justice.

The appellee, Mrs. Jennie W. Knight, filed her bill in the circuit court of Morgan county, in equity, against the Tennessee Valley Bank, J. H. Williams, Superintendent of Banks in the State of Alabama, the Reconstruction Finance Corporation, and John W. Knight, the latter her husband, seeking the cancellation of a certain mortgage executed by the complainant and her said husband to the said Tennessee Valley Bank on March 2, 1926.

The mortgage attacked recited that it was given to secure an indebtedness of $17,500, evidenced by three promissory notes, two in the sum of $5,000, and one for $7,500.

It is averred in the bill as amended that the real estate conveyed by the mortgage was the property of the complainant, that the indebtedness which the mortgage was given to secure was wholly the debt of John W. Knight, the husband, and that therefore, as a conveyance of complainant's property, it was void.

The Tennessee Valley Bank and J. H. Williams, as Superintendent of Banks, filed answers to the bill, and made the same a cross-bill against the complainant, Jennie W. Knight, but later amended the same by making the said John W. Knight a party defendant thereto.

In their amended cross-bill the cross-complainants sought foreclosure of the said mortgage executed to the Tennessee Valley Bank by the said Jennie W. Knight and John W. Knight, and prayed also for a deficiency judgment.

The cause proceeded regularly to a final decree on the pleadings and proof.

By the decree of the court rendered in said cause on August 29, 1935, it was adjudged and decreed that the indebtedness secured by said mortgage was the debt of the husband, and that the mortgage, insofar as it attempted to convey the lands of Mrs. Knight, was void, and ordered its cancellation in so far as it affected her lands. However, the court ordered a foreclosure of the mortgage as to the personal property conveyed, and which was the property of the husband.

The decree also ascertained and fixed the amount due and owing by the cross-defendant John W. Knight on the notes secured by said mortgage.

On September 6, 1935, the said John W. Knight died.

On October 12, 1935, the said Tennessee Valley Bank and J. H. Williams, as Superintendent of Banks for the State of Alabama, in charge of the Tennessee Valley Bank, in liquidation, filed their bond for an appeal from the decree in said cause to this court. This appeal bond was approved by the register on October 12, 1935, the day on which it was filed with him.

There was no administration upon the estate of said John W. Knight until October 28, 1935, on which date letters of administration were issued out of the probate court of Morgan county to Wrenshall Knight.

On November 1, 1935, the register of the circuit court issued summons to the said Wrenshall Knight, as administrator of the estate of John W. Knight, to appear before this court at the October term, 1935–36, and to join in said appeal, if he should see proper to do so. This summons was executed on the day of its issuance.

208

The said administrator has made no appearance in this court.

The appellee, Jennie W. Knight, upon the foregoing statement of fact, has filed in this cause a motion to quash said summons to the administrator, and the service of the same, and the return of the sheriff thereon, and to dismiss the appeal.

It appears that, at the time the appellants attempted to perfect their appeal, the said John W. Knight, one of the parties to the cause, was dead, and no revivor was had in the lower court against his personal representative, and it further appears that the said administrator has not been made a party to the record by any order of this court, nor has he, in any way, submitted himself to the jurisdiction of the court.

Section 6112 of the Code provides: "When any party to a judgment or decree dies after judgment or decree rendered, and before appeal taken thereon, an appeal may be prosecuted in the name of, or against the legal representative of the deceased, on producing satisfactory evidence to the clerk, judge of probate, or register, of the death of the party, and grant of letters testamentary or of administration."

It is obvious that the provisions of the foregoing section of the Code were not observed in this case. The said John W. Knight having died after the rendition of the decree in the cause, the appellants should have prosecuted the appeal in their own names, and in the name of the personal representative of John W. Knight, deceased, against Jennie W. Knight, or in their own names against the said Jennie W. Knight and the personal representative of John W. Knight, deceased. This was not done.

The said John W. Knight, deceased, was a necessary party to the proceedings culminating in the decree rendered, and was a party defendant in said decree. The appeal was not, therefore, perfected as to his personal representative, and it must be dismissed. Fleming v. Copeland, 200 Ala. 531, 76 So. 857.

The appellants, in brief before us, insist that the court should not dismiss the appeal, but that we should retain jurisdiction of the appeal, and cause service of our own summons to be made upon the personal representative of the estate of John W. Knight, deceased, and appellants so move here.

There are two insurmountable difficulties in the way of such a proceeding: First, no appeal has ever in fact been prosecuted against the legal representative of said decedent; and, second, this cause was submitted on the motion to dismiss the appeal, and on the merits, and is before us on that submission. The submission requires a pronouncement on the matters at issue under it. Besides, we may add, section 6143 of the Code has no application in such a case as is now before us. The appeal should have been perfected before submission. Timely motion was made to dismiss the appeal, with a statement of the facts upon which it was predicated, and due notice given appellants of the same.

It follows, therefore, that the appeal must be dismissed, and it is accordingly so ordered.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.