196 So. 125

**MAYA CORPORATION et al. v. SMITH et al.**

8 Div. 6.

Supreme Court of Alabama.

May 9, 1940.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellants.

Street, Bradford & Street, of Guntersville, for appellees.

THOMAS, Justice.

This case was submitted on motions that are stated below.

The former appeals of this cause, on the overruling of demurrers to the cross bill of Maya Corporation, are reported as Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A.L.R. 160, and Smith v. Maya Corporation, 227 Ala. 6, 148 So. 621. These former appeals, therefore, were on different phases of the question than the one presently before the court for decision.

The instant suit arose on the bill filed by W. L. Smith against Maya Corporation, the latter owning all of the capital stock of the other corporate respondents. The bill set up an alleged contract bearing date of January 1, 1926, under which the complainant sought to hold the respondents for the purchase of over 250,000 acres of mineral lands in North Alabama at a price of $6 per acre, plus 7,000 shares of the preferred and common capital stock of the corporation which was to take title to said lands.

The respondent Maya Corporation answered the bill, denied there was any such contract, and averred that the asserted contract, consisting of a photostat of a photostat, was spurious and fraudulent. Its answer was made a cross bill, and set up what it claimed to be the true contract between the parties, and prayed for relief based thereon.

The final decree denied all relief under the cross bill, found for complainant under the original bill as amended and awarded complainant Smith a judgment against Maya Corporation for the net amount of $1,451,675.91, damages for breach of the alleged contract set up in the original bill.

Margaret H. Hall was not made a party to the original bill; but the respondent corporation made her a party to its cross bill, alleging that she was asserting a claim for $5,000 against one or more of the Smith Corporations, and asking that she be enjoined from prosecuting suit on such claim and that she be required in answer to the cross bill to propound such rights as she claimed to have.

Margaret H. Hall did not answer the cross bill and has not asserted any claim against the Smith Corporations or any of the lands in suit. Mrs. Hall filed a petition alleging that complainant W. L. Smith was indebted to her in the principal sum of $15,000 by virtue of a contract, a copy of which is attached to her petition; and prayed that the court ascertain the amount due her under the said contract and that the court declare such amount to be a charge against any recovery in favor of complainant W. L. Smith.

Leo K. Steiner filed a cross bill making Mrs. Hall a party respondent which she answered denying all averments thereof. The averments and prayer of the Steiner cross bill were distinct from the averments and prayer of the Maya Corporation cross bill.

With reference to Mrs. Hall the final decree adjudged that complainant Smith was indebted to her in the sum of $35,933.33, under said contract between Smith and Mrs. Hall and granted her a lien on the judgment decreed in favor of complainant Smith against Maya Corporation. Mrs. Hall was not granted any relief whatever against Maya Corporation or anyone except the complainant Smith. Said final decree was rendered on April 11, 1939. The security for costs of appeal was filed on June 16, 1939, and the date of the death of Mrs. Hall was June 6, 1939.

The register duly issued citations to the appellees, one to O. D. Street "as solicitor of record for Margaret Holmes Hall" and was served by the Sheriff on Mr. Street as such solicitor.

On November 14, 1939, said Mr. Street wrote the letter attached as Exhibit A to the *motion for revivor now pending in this court,* the last paragraph of which reads as follows: "A ground not set out in the inclosed paper is based on the facts that Margaret Holmes Hall died June 6, 1939; that the appeal was attempted to be taken on June 16, 1939; that no step was taken as to her within the six months allowed for appeal and that it is now too late to appeal as to her."

As set forth in the appellants' motion for revivor, said letter is the first intimation appellants had of the death of Mrs. Hall, and it was seven months after the decree was rendered.

It is further averred that upon making an investigation after receipt of the letter of Mr. Street, informing of Mrs. Hall's death on the date indicated, appellants filed a sworn petition to the register under Section 6112 of the Code, to which petition was attached certified copies of petition for probate of Mrs. Hall's will, decree of probate and letters testamentary issued to Charles C. Hall, as Executor. Among other things, said petition averred:

"* * * that since the final decree was made and entered in this cause, and on to-wit: June 6, 1939, Margaret Holmes Hall, who was a party to the above styled cause in the lower court, died and her estate is being administered on in the Probate Court of DeKalb County, Alabama, that the last will and testament of Margaret Holmes Hall was duly probated in and by the Probate Court of DeKalb County, Alabama, on, to-wit: July 12, 1939, and letters testamentary on said estate were duly and regularly issued on, to-wit: July 12, 1939 by the Probate Court of DeKalb County, Alabama, to Charles C. Hall, who has qualified as Executor of said estate and is now the duly appointed, qualified and acting executor of the estate of Margaret Holmes Hall, deceased.

"Attached hereto and expressly made a part hereof are certified copies, respectively, of the petition for the probate of the will of the said Margaret Holmes Hall, deceased, which is marked Exhibit A, the order and decree probating said will, which is marked Exhibit B, and letters testamentary issued to the said Charles C. Hall as executor of the estate of Margaret Holmes Hall, deceased, which is marked Exhibit C.

"The undersigned, on to-wit: June 16, 1939, filed an appeal bond appealing this cause to the Supreme Court of Alabama. No notice of said appeal has been given as required by law to the personal representative or executor of the estate of Margaret Holmes Hall, deceased.

"Wherefore, petitioners pray that the Register of said Court will cause notice of said appeal, or citation as required by Section 6140 of the Code, to be issued and served on the said Charles C. Hall as executor of the estate of Margaret Holmes Hall, deceased, as is required by Section 6112 of the Code of Alabama in such case.

"Petitioners further pray that this petition and exhibits attached thereto, and the citation issued to said executor, Charles C. Hall, as prayed for herein, and the service obtained on such citation, shall be incorporated in the record of the appeal in this cause, all as required by Section 6106 of the Code of Alabama."

Thereupon, the register issued citation to Charles C. Hall, as such executor, on December 19, 1939, and such citation was served by the sheriff on December 20, 1939.

The motion to revive against the executor of Mrs. Hall under Section 6147 was filed in the Supreme Court on or about December 21, 1939. Shortly after the filing of said motion to revive, Mr. Street filed motions to dismiss on the ground that the appeal was not properly taken as against the executor of Mrs. Hall, on behalf of Charles C. Hall, as executor, on behalf of the complainant Smith and by Street, Bradford & Street.

■ This court takes judicial knowledge that the pending motions were set for argument and submission in the Supreme Court on March 21st, and upon request of Mr. Street made in open court the motions were continued to April 11th.

Appellants state that it appears from Mr. Street's brief that the appeal should have been effected (a) against the personal representative of Mrs. Hall's estate by the register making up the parties to the appeal as in the case of the old writ of error proceeding; and (b) that such "making up of the parties" by the Register must be done within the six months' period.

■ This appeal is purely statutory. Dortch Baking Co. et al. v. Schoel, ante, p. 266, 194 So. 807.

This appeal is governed by Section 6101(b) of Michie's Code as to taking the appeal; and by Sections 6112 and 6140 as to giving notices of the appeal. Said sections read, respectively, as follows:

"§ 6101 * * * (b) By giving security for the costs of the appeal to be approved by the * * * register, or court. (c) By giving and having approved a supersedeas bond conditioned as required by law. * * *"

"§ 6112. * * * When any party to a judgment or decree dies after judgment or decree tendered, and before appeal taken thereon, an appeal may be prosecuted in the name of, or against the legal representative of the deceased, on producing satisfactory evidence to the clerk, judge of probate, or register, of the death of the party, and grant of letters testamentary or of administration."

"§ 6140. * * * Upon an appeal being taken, the register, or clerk of the circuit court, or the judge of probate, must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, which must be served on him, or his attorney, or solicitor, at least ten days (unless otherwise provided) *before the day to which the appeal is returnable.*"

The matter of revivor against Mrs. Hall's executor is governed solely by Section 6147 and Supreme Court Rule (47) 37 which obtain. These provisions are as follows:

"§ 6147.—Upon the death of either party to an appeal being suggested, if the cause cannot proceed without new parties, the cause may be revived either for or against such party, on the production of letters testamentary or of administration; but citation must issue from the appellate court to all who are thus made defendants, unless they appear and waive it."

"[47] 37.—When the death of a party has been suggested, and an order made to revive in the name of or against the heirs or personal representatives of the deceased, and this is not done by the next term of the court, the suit shall abate, unless, for sufficient cause shown, the court shall extend the time."

The statute construed and applied in Louisville & Nashville R. Co. v. Shikle, 206 Ala. 494, 90 So. 900, and to which we will hereinafter advert, is Michie's Code § 6143, which reads, in part, as follows: "Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. * * *"

■ Several matters touched by the motions and established in this court are that the trial court has no power to open or set aside a final decree after the lapse of thirty days from the date of its rendition. Code, § 6636; Ex parte King, 230 Ala. 529, 162 So. 275; Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327; Williams v. Wicker, 235 Ala. 348; 179 So. 250; Ex parte Johnson, 238 Ala. 584, 192 So. 508; Alabama By-Products Corp. v. Rutherford, ante, p. 413, 195 So. 210.

In the recent case of Dortch Baking Co. et al. v. Schoel, supra, it is said that in Louisville & Nashville R. Co. v. Shikle, 206 Ala. 494, 90 So. 900, it was held that a failure to serve summons on a codefendant will not invalidate an appeal and on authority of City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25, it was observed that the right of an appeal by one of several parties to a judgment is authorized, and there is no occasion nor necessity for a severance to allow separate assignments of error, where the appeal is taken in the name of only one defendant.

It is further declared in Morrison v. Chambers et al., 212 Ala. 574, 103 So. 666, 667, that an appeal taken by the real party at interest alone and no notice is given to a nominal party will not be dismissed. Mr. Justice Gardner, writing for the court said: "It is suggested in brief of counsel for appellee that the appeal should be dismissed by this court of its own motion, upon the ground it was taken by G. W. Morrison alone, and no notice given to the other respondent, Phariss, the trustee—citing Sherrod v. McGruder, 209 Ala. 260, 96 So. 78. We are of the opinion this record discloses that the court, as well as all parties, considered Morrison as the sole respondent. He was the cestui que trust, in equity the real owner of the debt and mortgage (Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903), and the trustee was a mere nominal party, so far as any meritorious question was concerned. No decree was rendered against the trustee, and, as previously stated, Morrison was treated and considered as the real party respondent."

■ There are two established propositions by this court to the effect that the mere act of filing of the appeal bond is the event which effects an appeal [Code, §§ 6101(b), 6131, 6132, 6143; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241; Liverpool, etc. v. Lowe, 208 Ala. 12, 93 So. 765; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 So. 363; Journequin v. Land, 235 Ala. 29, 177 So. 132; Cochran v. State, 206 Ala. 74, 89 So. 278; Collins v. Hodges Lumber & Mfg. Co., 210 Ala. 6, 97 So. 424; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26; Dortch Baking Co. v. Schoel, supra]; and that notice of the appeal need not be given within the six months period allowed by law for taking an appeal. Code, § 6140; Kimbrell v. Rogers, supra; Ory-Cohen v. Taylor, 208 Ala. 520, 94 So. 525; Thompson v. Menefee, 218 Ala. 332, 118 So. 587; Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Williams, Supt., etc. v. Knight, 232 Ala. 206, 167 So. 284.

When, therefore, appellants' appeal bond was approved and filed by the register on June 16, 1939, that was the event which definitely effected an appeal challenging the rulings of the trial court and the judgment thereof. Thus the lower court lost jurisdiction, such being transferred to this court to administer the law between the interested parties. Ex parte Hood, 107 Ala. 520, 18 So. 176; Anders Bros. et al. v. Latimer et al., 198 Ala. 573, 574, 73 So. 925; Bell v. King, 210 Ala. 557, 98 So. 796; Lasseter v. Deas, 9 Ala.App. 564, 63 So. 735.

We advert to the following excerpts from decisions of this court to the effect that filing the appeal bond is the act which effects an appeal:

In Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241, 242, the Court said: "An appeal is 'taken,' within the meaning of our statute, when the party desiring to prosecute it has complied with the conditions upon which the law gives the right. The only condition precedent in this case was the filing with the register, within one year from the rendition of the decree, a sufficient undertaking to secure costs."

In Thompson v. Menefee, 218 Ala. 332, 118 So. 587, the Court said: "An appeal from a final decree dates from the time good and sufficient surety for costs of appeal is lodged with the proper officer."

The case of Lasseter v. Deas, 9 Ala.App. 564, 63 So. 735, 736, supports the assertion that the lower court lost jurisdiction for any purpose when the appeal bond was filed: "The question turns on whether or not the order of revivor entered in this court was operative and of force and effect as a valid order reviving the cause when the case was formally pending here on appeal. The appellant on the first appeal (who is also the appellant in the present appeal) perfected his appeal at that time to this court, thereby wholly and absolutely removing the case from the trial court into this court, and the effect of this act upon the part of the appellant was to cause the trial court to lose all jurisdiction and control of the case pending the appeal here, and an order of revivor within the period required by statute could only have been made in this court."

In McLaughlin v. Beyer, 181 Ala. 427, 433, 61 So. 62, 63, it is declared: "The effect of this appeal was to cause the trial court to lose all jurisdiction and control of the case pending the appeal to this court. The inferior court must, in such a case, of necessity, yield to the superior jurisdiction. The case cannot be pending in both courts at the same time. The loss of jurisdiction in the lower court is so complete as to require either party who seeks relief from any error—except a few, not necessary here to mention—to apply to the higher court."

The record shows Mrs. Hall died a few days prior to the date the appeal bond was filed in the circuit court and the statute is not changed by appellants' insistence that it had no knowledge of such death until several days afterwards as shown by the attorney's letter quoted from above.

In that situation did the law provide for any method of revivor in the lower court against Mrs. Hall's personal representative, before the appeal bond was filed, and after the sole jurisdiction was transferred to the Supreme Court? It is the insistence of the appellants' counsel that as a consequence no revivor or any other proceedings could have been instituted by it in the lower court after its appeal bond was filed. Ex parte Hood, supra; Lasseter v. Deas, supra.

Mrs. Hall died on June 6, 1939, nearly two months after the decree was signed on April 11, 1939, giving her the claim or lien on any recovery to be had against Smith to the amount indicated in said decree. In order to have rendered the decree *in favor of Mrs. Hall's personal representative,* for the amount ordered by said decree of April 11, 1939, it would have been necessary to set aside said judgment and reopen the cause for that purpose. But the lower court had lost power and control over its decree before Mrs. Hall died, as indicated above. Code, § 6636, and authorities cited.

Chancery Rule (194) 101 provides for revivor where the death of one of the parties to an action occurs while the cause is pending and *before final decree.* It is evident that there would have been no necessity of reviving except for purposes of appeal, since the decree would have inured to the benefit of Mrs. Hall's estate in any event. For the purposes of appeal, however, if Mrs. Hall was a necessary party on appeal, a revivor on appeal against her personal representative was essential. The only method provided for such revivor is by virtue of Section 6147 of the Code and Supreme Court Rule (47) 37, Michie's Code, p. 1934.

476

It is thus apparent that Section 6147 of the Code indicates that in a case of this kind it is intended that revivor may be effected in the Supreme Court. It follows that appellants' motion for revivor is well taken. The required notice can be and was given Mrs. Hall's personal representative after the expiration of the time for taking appeal. This is the reasonable construction of the statutes.

The movants for the dismissal of the appeal lay stress on Williams v. Knight, 232 Ala. 206, 167 So. 284. The grounds specified for the dismissal of that appeal were the failure to comply with the provisions of Section 6112 of the Code. The rule announced in that case was correct. This court did not hold that after submission was had in this court on the merits, that a revivor may be allowed against a party who had not been served with citation of appeal as required by said Section 6112 of the Code. This action was taken in the instant case.

When the foregoing statutes are construed with the provisions of Section 6143, giving the right to any party against whom a judgment or decree is rendered to "individually appeal to the supreme court or court of appeals," and the construction thereof, to which we have adverted, the result is as we have indicated above.

We should here note that Section 6143 of the Code concludes with the words that preserve the inherent power of this court to do what is required in the premises under the rule of "due process." It is therein stated, " * * * but nothing herein contained shall abridge the power of the supreme court or court of appeals under its existing practice, to cause the service of a summons to be made when service has not been perfected as hereinabove prescribed."

The result announced is in accord with the several well considered decisions of this court in Sewell v. Bates' Adm'rs, 2 Stew. 462; Wesson et al. v. Crook, 24 Ala. 478; Thompson v. Lea, 28 Ala. 453; Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A.L.R. 381; Colbert County v. Tennessee Valley Bank, 225 Ala. 632, 144 So. 803.

It follows from the foregoing that the motion of appellants directed to this court for notice and revivor as to the personal representative of Mrs. Hall is in accord with the rules of law that obtain and said motion is granted.

It further results that the motion of appellees and other movants to dismiss the appeal is not well taken and is overruled.

Motion of appellants granted and motions of appellees overruled.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.